UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 3:14 CR 00159 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| TIANDRE M. SNEED and | ) | |
| DEREVOUS M. BENFORD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Tiandre Sneed ("Sneed") was charged in a five-count indictment with conspiracy to possess and distribute cocaine and possession and distribution of cocaine within 1000 feet of an elementary school. Trial is scheduled for September 12, 2016. A final pre-trial conference will take place on September 12, 2016 at 11 a.m. with jury selection to follow. Presently before us are seven motions in limine filed by Defendant Sneed in preparation for trial.

As set forth below, we grant in part and deny in part Defendant's motions.

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see United States v. Huff*,

10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 463; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

Defendant Sneed brings seven motions in limine. The Government opposes all motions. We address each motion in turn.

I. **Defendant Sneed's Motion to Exclude Evidence of His Prior Convictions, Wrongs or Other Acts**

In his first motion, Defendant Sneed asks us to exclude any mention of his criminal record.[1] (*See* Dkt. No. 71.) Sneed argues that evidence of his previous convictions should be barred under Rules 403, 404(b) and 609. (*Id*. at 1.) The Government "does not intend to introduce these prior convictions in their case-in-chief at trial." (*See* Dkt. No. 98 at 2.) However, if Defendant Sneed testifies, the Government reserves the right to impeach Sneed with his convictions under Rule 609. (*Id.*) Accordingly, we consider the admissibility of Sneed's prior convictions as impeachment under Rule 609.

---

[1] According to his motion, Sneed has been convicted of attempted possession of a Schedule II substance (felony), sale of a Schedule II substance under .5 grams (felony), reckless aggravated assault (felony), criminal trespass (misdemeanor), aggravated assault (misdemeanor), misdemeanor drug possession, disorderly conduct and driving offenses. (*Id.* at 1.)

Rule 609 concerns the rules for "attacking a witness's credibility for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609. Under Rule 609(a)(1)(B), we must admit felony convictions of a testifying defendant where the probative value of the evidence outweighs it prejudicial effect to that defendant.[2] *Id*. In balancing the probity and prejudice of the evidence, we consider: "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue." *United States v. Arhebamen*, 197 F. App'x 461, 467 (6th Cir. 2006) (quoting *United States v. Meyers*, 952 F.2d 914, 916–17 (6th Cir. 1992)); *United States v. Chesteen*, 03 CR 20036, 2003 WL 21946463, at *1 (W.D. Tenn. June 23, 2003). The similarity of the prior crime and its temporal proximity likely increase the prejudicial effect to the defendant. *United States v. Blackburn*, 995 F.2d 1068, 1993 WL 204241, at *2 (6th Cir. 1993) (table) ("[T]he prejudice is greater when the prior conviction was for a similar crime; a prior conviction for a dissimilar crime would be more readily admissible."). Depending on the circumstances and the defendant's intended defense, the probative value of a prior conviction's timing and similarity may also increase with prejudice. *Id*.

If Sneed chooses to testimony, his credibility will be a central issue. We will allow impeachment using the three underlying felonies due to their anticipated probative value. Sneed may submit a proposed limiting instruction for the jury about this evidence, on or by August 15, 2016. The Government may submit any objection or modification thereto by August 18, 2016. Defendant's motion is denied. (*See* Dkt. No. 71.)

---

[2] Rule 609(a)(1)(B) is limited to convictions less than ten years old. Fed. R. Evid. 609(b). The Government asserts that all three of Sneed's felonies are within this ten year period. (*See* Dkt. No. 98 at 2.)

## II. Defendant's Motion to Exclude Reference to Gang Affiliation

Defendant Sneed asks us to prohibit any mention of his alleged gang affiliation under Rules 401 and 403. (*See* Dkt. No. 72.) Defendant also asks that we bar any mention of his alias. (*Id.*) The Government opposes the motion and asserts that evidence of gang affiliation and alias is relevant and admissible to show Defendant's identity and opportunity under 404(b)(2). (*See* Dkt. No. 99.)

"Evidence of gang affiliation is relevant where it demonstrates the relationship between people and that relationship is an issue in the case, such as in a conspiracy case." *United States v. Ford*, 761 F.3d 641, 649 (6th Cir. 2014) (citing *United States v. Williams*, 158 Fed. Appx. 651, 653–54 (6th Cir. 2005)). Additionally, a defendant's gang affiliation may be relevant to establish his opportunity to commit the crime. *United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996) ("Given the testimony linking the . . . gang with the use of guns, defendant's membership in the gang provided him with special access to guns. Although we recognize that most people not belonging to gangs have access to firearms . . . [d]efendant's membership in the . . . gang undoubtedly made it easier and more likely for him to possess an assault rifle than for the average citizen. We hold, therefore, that defendant's gang membership would be admissible to show his opportunity to possess the gun."); *see also United States v. Tolbert*, 8 Fed. Appx. 372, 379 (6th Cir. 2001); *Garcia v. Palmer*, No. 7 C 12108, 2010 WL 5015345, at *30 (E.D. Mich. Dec. 3, 2010) (affirming trial court's decision to admit evidence of defendant's gang affiliation to establish defendant's identity and relationship with other witnesses who testified at trial).

Here, the Government contends that it will offer evidence of Sneed's alleged gang affiliation in order to establish the relationship between Defendant and the Government's

confidential informant ("CI") and as proof of Defendant's opportunity to commit the crime (i.e. his access to drugs). We find that when offered for these distinct purposes, evidence of Defendant's gang affiliation and alias (and the Defendant's alias to the extent the alias was known to the confidential informant) is relevant and admissible. We deny Defendant's motion concerning his alleged gang affiliation. (*See* Dkt. No. 72.)

### III. Defendant's Motion Seeking Pre-Trial Disclosure of Co-Conspirator Statements and a Pre-Trial Hearing on Admissibility

Defendant Sneed requests a pre-trial determination of the admissibility of various co-conspirator statements under Rule 801(d)(2)(E). (*See* Dkt. No. 72.) The Government asks us to provisionally admit any co-conspirator statements at trial subject to a ruling that the Government presented sufficient evidence establishing the existence of the conspiracy.
(*See* Dkt No. 100 at 3.)

Federal Rule of Evidence 801(d)(2)(E) excludes from the hearsay rule statements that are "made by the party's coconspirator during and in furtherance of the conspiracy."
Fed. R. Evid. 801(d)(2)(E). Admissibility is not automatic. Before such statements may be admitted, the government must establish "three foundational prerequisites": (1) "that a conspiracy existed," (2) "that [the] defendant was a member of the conspiracy," and (3) "that the declarant's statement was made during the course and in furtherance of the conspiracy." *United States v. Conrad*, 507 F.3d 424, 429 (6th Cir. 2007) (alteration in original). This Circuit recognizes three methods to determine whether the Government has established the required foundational prerequisites. *United States v. Montgomery*, 358 Fed. Appx. 622, 626 (6th Cir. 2009) (citing *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979)). We may conduct a hearing prior to trial, as Defendant requests, we may require the Government to submit

independent evidence of a conspiracy at trial prior to the introduction of any co-conspirator statements; or we may conditionally admit hearsay statements subject to a later determination of their admissibility, as the Government suggests. *Id*. Because a trial judge retains "considerable discretion in controlling the mode and order of proof at trial," this Circuit has been clear that is not "appropriate to set forth hard and fast procedures" concerning a district court's 801(d)(2)(E) determination. *Vinson*, 606 F.2d at 152. Instead, controlling case law "set[s] forth alternative means for District Judges to structure conspiracy trials . . . that will allow the government to present its proof while at the same time protecting defendants from inadmissible hearsay evidence." *Id*.

As courts in this district have noted, we find that "waiting until trial to address admissibility would be unwieldy and inefficient." *United States v. LaDeau*, No. 10 CR 242, 2015 WL 736910, at *3 (M.D. Tenn. Feb. 19, 2015). However, "it would also be unfair to the jury to have to wait while the Court resolves what may prove to be interminable objections." *Id.* Accordingly, we will follow the procedure employed by other courts in this district and order the Government to disclose the statements it intends to introduce so that we may determine before trial whether the statements are admissible under 801(d)(2)(E). *Id.* The Government shall file its proffered co-conspirator statements by August 15, 2016. Defendant shall file any objections by August 19, 2016. The Government must file its response to Defendant's objections by August 24, 2016. Based on the submitted materials, prior to trial, we shall determine whether the Government's proffered testimony is admissible.

**IV. Defendant's Motion to Exclude Testimonial Statements**

In his fourth motion in limine, Defendant Sneed asks us to preclude testimonial statements made by the Government's confidential informant or any other witness in recordings

of the controlled drug buys. (*See* Dkt. No. 76 at 1.) Sneed contends that admitting these statements would violate his rights under the Confrontation Clause. (*Id*.) The Government argues that statements by the confidential informant on the recordings are not being offered for the truth and are not subject to the Confrontation Clause. (*See* Dkt. No. 102.) To the extent that the statements by the confidential informant are offered only to provide context for Defendant's recorded statements, we deny Defendant's motion.

"To trigger a violation of the Confrontation Clause, an admitted statement must be testimonial in nature, and must be hearsay . . . ." *United States v. Deitz*, 577 F.3d 672, 683 (6th Cir. 2009); *United States v. Pugh*, 273 Fed. Appx. 449, 455 (6th Cir. 2008) ("The admission of a testimonial statement in and of itself is not enough to trigger a violation of the Confrontation Clause. Instead, the statement must be used as hearsay–in other words, it must be offered for the truth of the matter asserted.") (internal citation omitted). Statements made by a confidential informant are testimonial. *United States v. Cromer*, 389 F.3d 662, 674 (6th Cir. 2004). However, testimonial statements by a confidential informant offered for the non-hearsay purpose of providing background information do not violate the Confrontation Clause. *United States v. Garcia-Guia*, 468 Fed. Appx. 544, 548 (6th Cir. 2012) (citing *Cromer*, 389 F.3d at 676); *United States v. Jones*, 205 Fed. Appx. 327, 342–43 (6th Cir. 2006) (finding that CI's statements on a recorded drug buy did not violate the Confrontation Clause when offered to give meaning to defendant's statements on the same recording); *United States v. Sexton*, 119 Fed. Appx. 735, 743 (6th Cir. 2005) ("When an out-of-court statement is not offered to prove the truth of the matter asserted, as with [the CI's] statements, the Confrontation Clause is not implicated.").

Here, the Government contends that all statements by the confidential informant are not being offered for the truth and are not hearsay. We find that statements made by the confidential

informant that are not offered for the truth are admissible. *See Cromer*, 389 F.3d at 676. Defendant may submit a limiting instruction about this evidence on or by August 15, 2016. The Government may submit any objections or modifications thereto by August 18, 2016. Defendant's motion is denied. (*See* Dkt. No. 76.)

**V.    Defendant's Motions Seeking Pretrial Disclosure of Plea Agreements and Jencks Material**

In two related motions, Defendant Sneed asks us to order the Government to disclose at least thirty days before trial: (1) any promises of immunity, leniency or preferred treatment that "might promote a witness' cooperation,"(Dkt. No. 74), and (2) any Jencks material, ( Dkt. No. 77). The Government objects to both discovery requests but offers to provide any promises of immunity or Jencks material a week before trial. (*See* Dkt. No. 103 at 1.)

Defendant's requests implicate two potentially conflicting criminal discovery doctrines. According to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), the Government is under a general duty to "disclose evidence favorable to the accused, that if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675, 105 S. Ct. 3375, 3380 (1985). Courts in this district have held that "disclosure of plea agreements may materially affect a jury's assessment of credibility since these agreements give the witness an incentive to testify favorably for the prosecution." *Bragan v. Morgan*, 791 F. Supp. 704, 712 (M.D. Tenn. Apr. 17, 1992); *see also Hill v. Mitchell*, No. 98 CR 452, 2012 WL 995280, at *5 (S.D. Ohio Mar. 23, 2012) ("*Brady* material encompasses impeachment evidence pertinent to the credibility of prosecution witnesses."). To comply with *Brady*, exculpatory material must be disclosed in time for its "effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988).

However, according to the Jencks Act, 18 U.S.C. § 3500(a), "any 'statement' in the government's possession related to the subject matter of a government witness's testimony shall not 'be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.'" *Presser*, 844 F.2d at 1283 (citing 18 U.S.C. § 3500(a)). "While technically the government may withhold Jencks Act material until the conclusion of the direct examination of the witness, the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial so that defense counsel may have an adequate opportunity to examine that which is not in dispute and the court may examine the rest in camera, usually in chambers. This avoids the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination." *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992).

"If impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence. The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." *Id*. ("[S]o long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated."); *see also United States v. Brazil*, 395 Fed. Appx. 205, 215 (6th Cir. 2010) ("[T]he Jencks Act trumps *Brady* where impeachment evidence is Jencks Act material."); *United States v. Musick*, 291 Fed. Appx. 706, 727 (6th Cir. 2008); *United States v. Spry*, 238 Fed. Appx. 142, 147 (6th Cir. 2007) (finding that "where material arguably exempted from any pre-trial disclosure by the Jencks Act is also arguably *Brady* material, *Brady* is not violated if the material is disclosed in time for its effective use at trial").

Based on the "consistent rule of this circuit," we find that the Government must disclose any impeachment evidence subject to both *Brady* and the Jencks Act "in time for its effective use of trial," ten days before trial on September 2, 2016. *Presser*, 844 F.2d at 1283, 1285. Additionally, the Government shall disclose all Jencks material to Defendant within ten days of trial on September 2, 2016.

**VI.     Defendant Sneed's Motion to Exclude YouTube Rap Video**

In his final motion, Defendant Sneed asks us to preclude any mention of a YouTube rap video entitled "4ThARightPrice," which appears to depict the Defendant and other individuals performing a rap song containing lyrics about drug sales and gang activity. (*See* Dkt. No. 90.) Defendant Sneed argues that the video is irrelevant and any minimal probative value is substantially outweighed by the video's prejudicial effect. (*Id.*) The Government objects to Defendant's motion and alleges that the video is relevant evidence of Defendant's participation in the charged conspiracy and his intent to distribute cocaine. (*See* Dkt. No. 107.) The Government additionally argues that the lyrics are admissible under 801(d)(2)(B) as admissions. (*Id.*)

We first consider the relevance of the video. "The standard for relevancy is 'extremely liberal.'" *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (internal citation omitted). According to the Rule 401, "evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401. Courts in this Circuit have admitted rap lyrics under Rule 401 as evidence of defendant's participation in a conspiracy. *See United States v. Norwood*, No. 12 CR 20287, 2015 WL 2343970, at *11 (E.D. Mich. May 14, 2015) (admitting rap lyrics where the lyrics "helped establish the existence of the

enterprise, its members, and at least one of its alleged purposes"). Here, the video offers no evidence of the existence of a conspiracy. Defendant Benford is not in the video, and the Government has not identified any other individuals in the video as co-conspirators of Defendant Sneed. The video depicts men (including Defendant Sneed) rapping about selling drugs. There is no reference to a specific gang or group of individuals working in concert to sell those drugs. Unlike in *Norwood*, the video here does not make the likelihood of a conspiracy any more or less probable, and thus, it is irrelevant for this purpose under Rule 401.[3]

Next, the Government contends that the rap video is relevant because the video "simply shows [D]efendant Sneed rapping about the crimes with which he is charged in the instant case." (*See* Dkt. No. 107 at 7.) The Government's argument has a fatal flaw; rapping about selling drugs does not make it more likely that Defendant Sneed did, in fact, sell drugs.[4] *See Skinner*, 218 N.J. at 521–22, 95 A.3d at 251 ("[W]e detect little to no probative value to the lyrics whatsoever. The difficulty in identifying probative value in fictional or other forms of artistic self-expressive endeavors is that one cannot presume that, simply because an author has chosen to write about certain topics, he or she has acted in accordance with those views. One would not presume that Bob Marley, who wrote the well-known song "I Shot the Sheriff," actually shot a sheriff, or that Edgar Allan Poe buried a man beneath his floorboards, as depicted in his short

---

[3] We also dismiss the Government's assertion that the video is relevant evidence of Defendant Sneed's intent to distribute cocaine. (*See* Dkt. No. 107 at 4.) We see no connection between singing about selling drugs and possessing the requisite intent to actually commit a crime. *See State v. Skinner*, 218 N.J. 496, 521–22, 95 A.3d 236, 251 (2014).

[4] We are aware that the Sixth Circuit has upheld a trial court's decision to admit lyrics about "killing snitches" as relevant evidence that defendant killed a "snitch." *See United States v. Stuckey*, 253 Fed. Appx. 468, 482 (6th Cir. 2007). In *Stuckey*, the trial court admitted rap lyrics as "autobiographical statements of fact relevant to the case." *Id*. at 483. At this time, we have no evidence to suggest that the rap video in question is autobiographical, as opposed to fictional. Unlike in *Stuckey* where the lyrics in question specifically described the crime for which defendant was charged, Defendant Sneed's rap only generally describes drug dealing. We do not believe the conduct described in the video is sufficiently related to the charged offense, as in *Stuckey*, to characterize the statements as autobiographical admissions.

story 'The Tell–Tale Heart,' simply because of their respective artistic endeavors on those subjects.").

The Government also suggests that the video is admissible "other acts" evidence under Rule 404(b)(2) to prove Defendant's knowledge and intent. Fed. R. Evid. 404(b)(2) (stating that evidence of other acts, while inadmissible to prove a person acted in accordance with the prior bad act, may be admissible to prove knowledge or intent). First, we question whether the rap may be characterized as a "bad act." *See Stuckey*, 253 Fed. Appx. at 482 (noting that the district court held that the rap lyrics were not prior bad acts under 404(b)). If the lyrics can be characterized as bad acts, though, we do not believe that the proffered testimony goes to knowledge or intent. Instead, the video will suggest to the jury that because Defendant rapped about selling drugs on one occasion, he acted in accordance with the behavior described in the rap on another occasion, the definition of prohibited propensity evidence. Fed. R. Evid. 404(b).

Even if we were to find that the video is relevant under Rule 401 or Rule 404(b)(2), we are afforded broad discretion in determining whether the danger of unfair prejudice outweighs the probative value of the proffered evidence under Rule 403. *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 650 (1997). Here, the Government intends to offer an artistic rap as evidence of Defendant's involvement in criminal activity. Based on the minimal (if any) probative value of the video, we find that the risk of jury confusion and unfair prejudice substantially outweighs any slight probative value. We may not permit a jury to infer that simply because Defendant rapped about selling drugs that he is guilty of selling drugs. *See Stuckey*,

253 Fed. Appx. at 483 (nothing that "we don't convict people for murder simply because they have written lyrics about murder").

Defendant Sneed's motion is granted. (*See* Dkt. No. 90.) The Government shall be precluded from entering any evidence relating to the YouTube video.

## CONCLUSION

For the reasons stated above, we deny Defendant's motion concerning evidence of convictions, wrongs or other acts (*See* Dkt. No. 71), Defendant's motion concerning gang affiliation (*See* Dkt. No. 72), and Defendant's motion concerning testimonial statements of the confidential informant (*See* Dkt. No. 76). Defendant must submit any limiting instructions concerning his prior convictions and testimonial statements by the confidential informant by August 15, 2016. The Government shall file any objections to Defendant's instructions by August 18, 2016. Defendant's motion to exclude the YouTube video is granted. (*See* Dkt. No. 90.) As to Defendant's motion concerning co-conspirator statements (*See* Dkt. No. 72), the Government must submit the statements it intends to offer into evidence by August 15, 2016, Defendant must object to the specific statements by August 19, 2016. The Government may respond to those objections by August 24, 2016. The Government must produce any *Brady* material by September 2, 2016. Jencks material must be produced by September 2, 2016. It is so ordered.

*[signature: Marvin E. Aspen]*

Marvin E. Aspen
United States District Judge

Dated: August 9, 2016
Chicago, Illinois