UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 3:14 CR 00159 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| TIANDRE M. SNEED, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

MARVIN E. ASPEN, District Judge:

We have reviewed the parties' proposed jury instructions and verdict forms in preparation for trial, which is scheduled to begin on Monday, September 12, 2016. As discussed below, we preliminarily rule on the parties' objections and proposals. We attach hereto a set of all jury instructions (Exhibit A) and the verdict form (Exhibit B) that we intend to use at trial.

The parties jointly proposed, or declined to object to, certain instructions. There are no objections to the following: 1.01–1.09, 2.01, 2.01A, 2.03–2.04[1], 2.08, 2.10, 2.10A, 2.11, 7.01–7.08, 8.01–8.10, 14.1–14.2[2], 14.4–14.6. We will give these instructions at trial.

---

[1] Defendant asks us to give instruction 2:03: Definition of Lesser Offense, along with instruction 14.4: Possession of a Controlled Substance. (*See* Dkt. No. 86 at 2, 5.) The Government did not object. Defendant is entitled to a lesser-included-offense instruction when: "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on a lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." *United States v. Fudge*, 175 Fed. Appx. 694, 696 (6th Cir. 2006) (citing *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001)). We find that at this time, we are unable to determine whether Defendant can satisfy the fourth prong of the lesser included charge analysis. *See United States v. Monger*, 185 F.3d 574, 577 (6th Cir. 1999) (finding that defendant was entitled to an instruction for simple possession, a lesser included offense of possession with intent to distribute, where the evidence at trial could permit a reasonable juror to conclude that defendant possessed drugs for

Additionally, we decline to rule at this time on Defendant's proposed "School Zone Entrapment" instruction and Defendant's instruction 6.1: Defense Theory. To be entitled to an entrapment instruction, defendant must present evidence that: "(1) the government induced the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity." *United States v. Schuttpelz*, 467 Fed. Appx. 349, 353 (6th Cir. 2012). "A district court is justified in denying an entrapment instruction where the evidence 'clearly and unequivocally establishes that [the defendant] was predisposed.'" *United States v. Demmler*, 655 F.3d 451, 457 (6th Cir. 2011). However, if either of the elements of entrapment are in dispute, entrapment presents a fact question for the jury. *Id.*; *see also Mathews v. United States*, 485 U.S. 58, 63, 108 S. Ct. 883, 886 (1988) ("The question of entrapment is generally one for the jury, rather than the court.") (internal citation omitted). We find that Defendant is entitled to attempt to prove his entrapment defense at trial. *See United States v. Poulsen*, 655 F.3d 492, 502 (6th Cir. 2011) ("[I]f [defendant] had provided evidence from which a reasonable jury could have found both that the government induced the crime . . . and that he was not predisposed to commit this crime, he would be entitled to an entrapment instruction.") Accordingly, we will rule on the appropriateness of a "School Zone Entrapment" instruction after Defendant rests. However, we note that Defendant's instruction 6.01 and School Zone Entrapment instruction will be not given

---

personal use and not to distribute). Accordingly, we decline to rule on the lesser-included instruction at this time. After Defendant rests, we will revisit instructions 2.03 and 14.4. We include proposed instructions 2.03 and 14.4 in Exhibit A merely as placeholders. Also, Defendant did not include the lesser included offense of simple possession on his proposed verdict form. Because of the inconsistency between Defendant's proposed instruction 14.4 and Defendant's proposed verdict form, Defendant must inform the Court by August 18, 2016 if he seeks a lesser included instruction for simple possession.

[2] Defendant asks that we give instruction 2.02: Definition of the Crime. (*See* Dkt. No. 86 at 2.) We find that the content in instruction 2.02 is covered in instructions 14.1–14.6. We will not give instruction 2.02.

as proposed. If we find that Defendant is entitled to an entrapment instruction, we will give an instruction in line with 6.01 and 6.03 of the pattern instructions. (*See* Exhibit A.)

Consistent with Rule 51, we will assume there are no objections to the instructions as proposed here, unless the parties file objections with supporting briefs (limited to one page per objection) on or by August 18, 2016. Our proposed final jury instructions shall be reviewed after all the evidence has been submitted at trial and before closing argument. Fed. R. Civ. P. 51.

We have also prepared a proposed verdict form (Exhibit B), which accurately and concisely conveys the questions for the jury's consideration. As with the jury instructions, we will assume there are no objections to the verdict form as proposed here, unless the parties file objections with supporting briefs (limited to one page) on or by August 18, 2016. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: August 11, 2016
       Chicago, Illinois